**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RANDY WALKER a/k/a
DOUGLAS WALKER,

        Petitioner,

v.                                                Case No. 3:15-cv-156-J-32JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS, et al.,

        Respondents.
_____

## ORDER

Petitioner initiated this case by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) (Petition). He challenges his "administrative segregation or other incarcerative results of administrative disciplinary action," by raising the following four claims: (1) "prison officials have failed to provide sufficient evidence to support their decision to retain [Petitioner] in close management confinement"; (2) the Florida Department of Corrections (DOC) "has failed to conduct [close management] reviews in a manner consistent with their rules and . . . such failure is intentional and meant to serve as punishment for Petitioner's grievances"; (3) the "DOC has deprived [Petitioner] of his state-created liberty interest in retaining his 90 day review"; and (4) "DOC's disparate treatment of inmates in the Transitional Care Unit, out-patient, close management unit from those in the Residential Treatment Program deprives Petitioner of equal protection of the law." Petition at 5-16. As relief, he requests "an evidentiary hearing and immediate relief from close management status." Id. at 21.

Respondents filed a Motion to Dismiss (Doc. 10), requesting this case be dismissed for Petitioner's failure to exhaust his available administrative remedies. Petitioner replied. See "Traverse and Supporting Document" (Doc. 12).

Since the filing of the Petition, Petitioner has been released from custody. He is currently on conditional release supervision, with a scheduled termination date of June 21, 2021.[1] Petitioner's only request for relief in this case is "an evidentiary hearing and immediate relief from close management status." Petition at 21. Now that Petitioner is no longer in custody, this Court cannot provide him with the relief he requests. Because Petitioner challenges the status of his confinement, rather than his underlying conviction, there are no collateral consequences to consider. Thus, this case is moot. See Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003) ("Where . . . a prisoner has completed an imposed term of administrative segregation before he files his petition, . . . the petition[ is] moot when filed and cannot be revived by collateral consequences." (quotations and citation omitted)); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); see also Bailey v. Southerland, 821 F.2d 277, 278-79 (5th Cir. 1987).

On May 7, 2018, Petitioner filed a response (Doc. 19), arguing that his conditional release subjects him to reincarceration at any time with the potential of being subjected to the "harsh conditions" presented in this case.[2] The fact that Petitioner could face

---

[1] See Supervised Population Information Search, Florida Department of Corrections, available at http://www.dc.state.fl.us/offendersearch/Search.aspx?TypeSearch=AO (last visited May 14, 2018).

[2] Attached to the response is a grievance written by Petitioner on April 11, 2018. He notes that he "was transferred to Columbia C.I. on or about Jan. 9, 2018," and he was "[r]eleased to the inmate general population on Jan. 10, 2018." Doc. 19-2 at 2. Thus, even before his

2

reincarceration (and then be placed on close management) if he violates his conditional release is speculative. There is not "'a reasonable expectation'" that Petitioner will "'be subjected to the same action again.'" Medberry v. Crosby, 135 F. App'x 333, 335 (11th Cir. 2005) (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)); see Kirkland v. Jones, No. 3:14CV11/MCR/EMT, 2015 WL 2372778, at *3 (N.D. Fla. May 18, 2015) (unpublished) ("Because Petitioner challenges only his 60-day placement in disciplinary confinement and his continuation on CM status, and he is no longer incarcerated, his application for habeas relief is moot."); Medina v. Warden, FCC Coleman-USP I, No. 5:10-cv-530-Oc-38, 2014 WL 345703, at *2 (M.D. Fla. Jan. 30, 2014) (unpublished) (finding that a habeas "[p]etition seeking release from administrative confinement, or lesser restrictions while housed in confinement, [wa]s moot due to [the p]etitioner's transfer from the BOP to the Mississippi Department of Corrections"); Martens v. McNeil, No. 2:08-cv-201-FTM-36, 2011 WL 485886, at *3 (M.D. Fla. Feb. 7, 2011) (unpublished) (finding that the "[p]etitioner's challenges to his previous placement on Close Management cannot be revived by collateral consequences," and the "capable-of-repetition-but-evading-review exception is inapplicable" as the "[p]etitioner holds the keys to remaining off Close Management status, to the extent that if he adheres to the Department's rules and regulations he will not be subjected to disciplinary action"); Hiteshaw v. Dep't of Children & Families, No. 2:06-cv-586-FtM-99, 2011 WL 308174, at *2 (M.D. Fla. Jan. 27, 2011) (unpublished) ("Any claim that [the p]etitioner's release will be revoked in the future would be purely speculative."); Adamson v. McNeil, No. 3:08CV132 MCR EMT, 2010 WL 4483399, at *3 (N.D. Fla. Oct. 13, 2010) (unpublished),

---

release from custody, he was no longer on close management status.

report and recommendation adopted, 2010 WL 4457049 (N.D. Fla. Nov. 1, 2010) (unpublished) ("Petitioner's challenges to his placement on CM for eight (8) years . . . were rendered moot by Petitioner's release from CM during the pendency of this habeas action.").[3]

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED as moot**.

2. The Clerk shall enter judgment dismissing this case as moot and close the file.

3. If Petitioner appeals, the Court denies a certificate of appealability.[4] The Clerk

---

[3] Even assuming the case is not moot, Respondents' argument that the claims raised in the Petition are procedurally barred is well-taken. Petitioner raised the same four claims he raises in the Petition in a state court habeas petition. The circuit court denied the petition and advised him that he had thirty days in which to file an appeal. Doc. 10-2. Petitioner did not do so. Rather, he filed the instant Petition in this Court. Petitioner failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). He could not now return to state court and properly exhaust the claims; thus, the claims are procedurally defaulted. Petitioner has not shown cause and prejudice to excuse the default, nor has he shown that he is entitled to the fundamental miscarriage of justice exception. Thus, even if this Court could entertain his claims, the claims are barred.

[4] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court denies a

shall terminate any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/14
c:
Randy Walker a/k/a Douglas Walker
Counsel of Record

---

certificate of appealability.